UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Walter Duffy, et al., | Case No. 2:21-cv-01680-APG-DJA |
| Plaintiffs, | **Omnibus Order granting Defendants' motions for cost bond** |
| v. | **ECF Nos. 35-69** |
| ASNY NY, LLC, et al., | |
| Defendants. | |

Defendants' ASNY NY, LLC; The ASNY Company, LLC; Tahiti Village Vacation Club; Tahiti Village Master Owners' Association; Club de Soliel Vacation Club; and Soliel Management, LLC have filed thirty-four motions for cost bonds from each Plaintiff under NRS 18.130(1). (ECF Nos. 35-69). No Plaintiffs have filed a response. Because the Court finds that the Defendants have met the requirements under NRS 18.130(1) and because the Plaintiffs have conceded to granting the motion by failing to respond, the Court grants all thirty-four motions. The Court finds these matters properly resolved without a hearing. LR 78-1.

**I.      Background.**

Defendants answered Plaintiffs' complaint while it was pending in the Southern District of California on May 14, 2021. (ECF No. 4). Defendants moved to change venue to the United States District Court for the District of Nevada after settlement was unsuccessful on July 28, 2021. (ECF No. 13). The case was transferred on September 9, 2021. (ECF No. 15). The parties stipulated for Plaintiffs to amend their complaint, which complaint was filed on December 2, 2021. (ECF No. 34). Defendants moved for cost bonds from Plaintiffs on December 13, 2021. (ECF Nos. 35-69). The time for Plaintiffs to respond to Defendants' motion was December 27, 2021. No Plaintiff filed a response.

**II.     Standard.**

Under NRS 18.130(1), "[w]hen a plaintiff in an action resides out of the State, or is a foreign corporation, security for the costs and charges which may be awarded against such plaintiff may be required by the defendant." NRS 18.130(1). Regarding a demand for security for costs in federal court, the Ninth Circuit has stated that:

> There is no specific provision in the Federal Rules of Civil Procedure relating to security for costs. However, the federal district courts have inherent power to require plaintiffs to post security for costs. Typically federal courts, either by rule or by case-to-case determination, follow the forum state's practice with regard to security for costs, as they did prior to the federal rules; this is especially common when a non-resident party is involved.

*Simulnet East Associates v. Ramada Hotel Operating Co.*, 37 F.3d 573, 574 (9th Cir. 1994) (citation and internal quotations omitted). While the Nevada District Court has not adopted a specific court rule with respect to security for costs, it has adopted NRS 18.130 as the appropriate procedure through case law in diversity jurisdiction cases. *See Hamar v. Hyatt Corp*, 98 F.R.D. 305, 305-306 (D. Nev. 1983). "It has been the policy of the United States District Court for the District of Nevada to enforce the requirements of NRS 18.130 in diversity actions." *Id.*

**III.    Discussion.**

Under NRS 18.130(1), when a plaintiff resides out of the State, the defendant may demand security by filing and service on the plaintiff of a written demand within the time limited for answering the complaint. *See* NRS 18.130(1). The Ninth Circuit has acknowledged the discretion with which courts should apply NRS 18.130(1). *See Simulnet*, 37 F.3d at 576. In *Truck Ins. Exch. v. Tetzlaff*, the United States District Court for the District of Nevada found that NRS 18.130(1) requires security "in the amount of $500 per defendant from each plaintiff [because] [d]efendants incur costs separately." *Truck Ins. Exch. v. Tetzlaff*, 683 F. Supp. 223, 228 (D. Nev. 1988). Finally, under Local Rule 7-2, the failure of an opposing party to file points and authorities in response to any motion constitutes a consent to the granting of the motion. *See* LR 7-2.

The Court grants Defendants' motions for cost bond. Although Defendants have already responded to the complaint, the parties have stipulated to amend the complaint, after which Defendants filed their motions for bond eleven days later. (*Compare* ECF No. 34 *with* ECF No. 35). Additionally, Plaintiffs—who are represented by counsel—have not responded to the motions, constituting their consent to the Court granting the motion. The Court finds that Defendants have moved for cost bond within the time limited for answering the amended complaint. Coupled with Plaintiffs' failure to respond—constituting their consent—the Court exercises its discretion to find that Defendants have met the requirements of NRS 18.130(1) and grants their motions. Because there are six Defendants, each Plaintiff must thus deposit $3,000 ($500 x 6 = $3,000) with the Clerk of Court.

**IT IS THEREFORE ORDERED** that Defendants' motions for bond (ECF Nos. 34-69) are **granted**. Each Plaintiff is directed to deposit $3,000 with the Clerk of Court and comply with the notice requirements under NRS 18.130(1).

DATED: January 3, 2022

_____
DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE