# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| Walter Duffy, et al., | Case No. 2:21-cv-01680-APG-DJA |
| Plaintiffs, | |
| v. | **Order** |
| ASNY NY, LLC, et al., | |
| Defendants. | |

This is a breach of contract action arising out of timeshare agreements Plaintiffs[1] entered with Defendants.[2] Plaintiffs sue Defendants for damages, alleging that the timeshares they purchased were not the accessible, clean, affordable vacation opportunities they signed up for. Defendants move to stay discovery, arguing that Plaintiffs are attempting to use discovery to remedy the flaws in their complaint. (ECF No. 81). Because the Court finds that a stay is appropriate here given the potential prejudice to Defendants, it grants the motion to stay. The Court finds these matters properly resolved without a hearing. LR 78-1.

---

[1] The Plaintiffs include Walter Duffy, Ana Duffy, Sally Duron, Honesto De La Cruz, Emily De La Cruz, William Fenrich, Suvaree Fenrich, Victor McGee, Angela McGee, Marigold Flowers, Charmel Goodloe, Alondre Smith, Terrance Emter, Mary Emter, Gerardo Rodriguez, Yessenia Rodriguez, Calvin Morrison, Sandra Morrison, Robbie Franklin, Julie Hape, Barbara Johnson, Henry Maxwell, Carol Maxwell, John Caputo, Sandra Gerstner, Dee Terrell, Mae Terrell, Ronald Arnold, Cynthia Arnold, Roger Workman, Brenda Workman, James Grasse, Rebecca Grasse, Paul Silverman, and Judith Silverman.

[2] Defendants include ASNY NY, LLC; The ASNY Company, LLC; Tahiti Village Vacation Club; Tahiti Village Master Owners' Association; Club de Soleil Vacation Club; and Soleil Management, LLC.

### I. Background.

Defendants previously moved to dismiss Plaintiffs' complaint, arguing that the complaint fails to differentiate between the Defendants, instead referring to them each as alter egos and asserting all causes of action and factual allegations against each of them. (ECF No. 74). Plaintiffs argued in response that they "are unable to level allegations with any further specificity as to each Defendant without discovery." (ECF No. 76). Plaintiffs then served eighteen sets of discovery requests, containing forty-three interrogatories and eighty-three requests for production each. (ECF No. 81 at 5-6). The motion to dismiss is pending.

Defendants now move to stay discovery, arguing that the discovery requests are just a way for Plaintiffs to get more information to support their claims and amend their complaint after the Court decides Defendants' motion to dismiss. (ECF No. 81 at 5-7). Defendants argue that it is improper for Plaintiffs to attempt and make their case through discovery when they have not filed a well-pleaded complaint in the first place. (*Id.* at 7). Defendants ask the Court to stay discovery pending the result of the motion to dismiss so that Defendants do not have to respond to discovery requests they consider to be a fishing expedition. (*Id.*).

Plaintiffs respond that, because Defendants failed to meet and confer before filing their motion, the Court should deny it. (ECF No. 83). They add that a stay is improper because Defendants' motion to dismiss really seeks a more definite statement, relief which would not be dispositive of the entire case. (*Id.* at 12-15). Plaintiffs conclude that more discovery is necessary—and proper—before the Court decides the motion for a more definite statement because information about each Defendant's participation in Plaintiff's claims is in Defendants' sole possession. (*Id.* at 15-17).

Defendants reply that they did not meet and confer before filing their motion because they were caught off guard by Plaintiffs' revelation their discovery requests were intended to find support for an amended complaint. (ECF No. 84 at 4). Defendants ask the Court to not decide their motion on the meet and confer alone, but instead grant the stay because "[d]iscovery is not the proper tool to fix an improperly pleaded complaint. (*Id.* at 6). Defendants disagree with Plaintiffs' argument that the motion to dismiss is not potentially dispositive of the entire case

because if the Court grants it "it could very well mean that entire claims, Defendants, or both will have to be removed from the case." (*Id.* at 7).

## II.    Discussion.

The Court grants Defendants' motion to stay.  Courts have broad discretionary power to control discovery.  *See, e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).  In deciding whether to grant a stay of discovery, the Court is guided by the objectives of Rule 1 to ensure a just, speedy, and inexpensive determination of every action.  *See Kidneigh v. Tournament One Corp.*, No. 2:12-cv-02209-APG-CWH, 2013 WL 1855764, at *2 (D. Nev. May 1, 2013).  "The Federal Rules of Civil Procedure do not provide for automatic or blanket stays of discovery when a potentially dispositive motion is pending." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D. 597, 600 (D. Nev. 2011).  However, preliminary issues such as jurisdiction, venue, or immunity are common situations that may justify a stay.  *See Twin City Fire Ins. v. Employers of Wausau*, 124 F.R.D. 653 (D. Nev. 1989); *Ministerio Roca Solida v. U.S. Dep't of Fish & Wildlife*, 288 F.R.D. 500, 506 (D. Nev. 2013) (granting stay based in part on alleged lack of subject matter jurisdiction).  Further, motions to stay discovery pending resolution of a dispositive motion may be granted when: (1) the pending motion is potentially dispositive; (2) the potentially dispositive motion can be decided without additional discovery; and (3) the Court has taken a "preliminary peek" at the merits of the potentially dispositive motion to evaluate the likelihood of dismissal.  *See Kor Media Group, LLC v. Green*, 294 F.R.D. 579, 581 (D. Nev. 2013).

A party seeking to stay discovery pending resolution of a potentially dispositive motion bears the heavy burden of establishing that discovery should be stayed.  *See, e.g.*, *Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (noting that a stay of discovery may be appropriate where the complaint was "utterly frivolous, or filed merely for settlement value.").  When deciding whether to issue a stay, a court must take a "preliminary peek" at the merits of the dispositive motion pending in the case.  *Tradebay*, 278 F.R.D. at 602-603.  In doing so, a court must consider whether the pending motion is potentially dispositive of the entire case, and whether that motion can be decided without additional discovery.  *Id.*  While motions for more definite statement "should not be granted to require evidentiary detail that may

be the subject of discovery," the complaint must still be sufficient enough so that "an inference may be drawn that evidence on [its] points will be introduced at trial." *Woods v. Reno Commodities, Inc.*, 600 F.Supp. 574, 578, 580 (D. Nev. 1984).

This "preliminary peek" is not intended to prejudge the outcome, but to evaluate the propriety of a stay of discovery "with the goal of accomplishing the objectives of Rule 1." *Id.* (citation omitted). That discovery may involve inconvenience and expense is not sufficient, standing alone, to support a stay of discovery. *Turner Broadcasting*, 175 F.R.D. at 556. An overly lenient standard for granting requests to stay would result in unnecessary delay in many cases. *Long v. Aurora Bank, FSB*, No. 2:12-cv-00721-GMN-CWH, 2012 WL 2076842, at *1 (D. Nev. June 8, 2012).

*Mujica v. AirScan Inc.* stands for the proposition that a plaintiff must satisfy Rule 8's pleading requirement before a court can permit discovery. *Mujica v. AirScan Inc.*, 771 F.3d 580, 593-94 (9th Cir. 2014). There, the Ninth Circuit joined the Tenth and Eleventh Circuits in concluding that a district court lacks discretion to permit a plaintiff to take discovery when the plaintiff has not yet satisfied Rule 8's plausibility standard. *Id.* at 593 n. 7. "The Supreme Court has stated…that plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it." *Id.* (emphasis in original) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

The Court grants Defendants' motion to stay discovery.[3] The first factor weighs in favor of a stay because the pending motion to dismiss is potentially dispositive of all claims against Defendants. As Defendants point out, the crux of their argument against Plaintiffs is that Plaintiffs have not differentiated between Defendants in making their claims. Each of Plaintiffs' claims is alleged against each Defendant, meaning that, if the Court agrees with Defendants, each

---

[3] The Court declines to decide the motion to stay on the meet and confer because "[i]f parties fail to meet and confer in good faith, the Court may exercise its discretion to decide the motion to stay discovery on its merits." *Brennan v. Cadwell Sanford Deibert & Garry LLP*, No. 2:20-cv-00799-JAD-VCF, 2020 WL 5653673, at *2 (D. Nev. Sept. 22, 2020) (internal citations and quotations omitted). It does not appear that the parties' positions would change in a meet and confer and, given that the issues are fully briefed, it is more efficient for the Court to decide these motions on their merits. The parties must closely abide by the meet-and-confer requirements in the Local Rules in the future.

of Plaintiffs' claims could be dismissed. The Court is not persuaded by Plaintiffs' argument that, because Defendants move for a more definite statement, that the motion is not dispositive. Defendants move for this relief in the alternative and primarily argue that the Court should dismiss the complaint for failure to state a claim.

The second factor weighs in favor of a stay. A motion to dismiss, by its nature, does not require additional discovery to decide. And while Plaintiffs argue that motions for a more definite statement should not be granted to require evidentiary detail that may be the subject of discovery, that does not mean that discovery is necessary to decide the motion itself. To the contrary, discovery is not necessary for the Court to determine whether the complaint is sufficient to draw an inference that evidence on its points will be introduced at trial.

The third factor also weighs in favor of a stay. Having taken a preliminary peek at the merits of Defendants' motion to dismiss, the Court finds that staying discovery would accomplish the objectives of Rule 1, especially considering that Plaintiffs must satisfy Rule 8's pleading requirement before engaging in discovery. While the Court does not prejudge the outcome, it finds that Defendants' motion is likely meritorious. A stay is proper here because, if discovery proceeds and the Court later grants Defendants' motion to dismiss, Defendants would be prejudiced by spending time and money responding to premature discovery. The prejudice is increased if Plaintiffs discovered facts without which they otherwise could not assert a claim sufficient to meet Rule 8's standards. On the other hand, if discovery is stayed and the Court later denies Defendants' motion to dismiss, Plaintiffs may only suffer a delay in receiving answers to their discovery requests. Balancing these prejudices, the Court finds that a discovery stay is appropriate here.

**IT IS THEREFORE ORDERED** that Defendants' motion to stay discovery (ECF No. 81) is **granted**.

DATED: May 31, 2022

DANIEL J. ALBREGTS
UNITED STATES MAGISTRATE JUDGE