UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

Honesto De La Cruz, et al.,

        Plaintiffs

v.

ASNY NY, LLC, et al.,

        Defendants

Case No. 2:21-cv-01680-CDS-DJA

**Order Granting Unopposed Motion to Withdraw as Counsel and Granting Stipulation**

[ECF Nos. 97, 106]

      Last month, I granted the plaintiffs' unopposed motion for voluntary dismissal of 23 plaintiffs' claims.[1] ECF No. 100. I indicated that I was inclined to grant the motion of plaintiffs' counsel—the firm of Albright Stoddard Warnick & Albright (ASWA)—to withdraw from the case, but I imposed two conditions. *Id.* I instructed that ASWA must provide contact information for all remaining plaintiffs to the defendants and must file an amended complaint excluding the now-dismissed plaintiffs. *Id.* Yesterday, the plaintiffs complied with both conditions and filed a third-amended complaint (ECF No. 107), along with a joint stipulation that ASWA complied with my prior order. ECF No. 106.

      The plaintiffs represent that Square One Development Group, Inc.—a timeshare exit company—had power of attorney over the plaintiffs and agreed to "be solely responsible to ASWA for all costs and fees incurred in prosecuting the litigation." ECF No. 97 at 4. The agreement permits ASWA to terminate representation and withdraw as counsel for various reasons, including Square One's nonpayment. *Id.* As of April 2022, Square One ceased payment to ASWA. *Id.* at 4–5.

---

[1] Since then, I have granted the parties' stipulations to dismiss the claims of four other plaintiffs—Terrance Emter, Mary Emter, Julie Hape, and Robbie Franklin. ECF Nos. 103, 105. As of now, eight plaintiffs remain in this case: Honesto De La Cruz, Emily De La Cruz, William Fenrich, Suvaree Fenrich, Charmel Goodloe, Alondre Smith, Ronald Arnold, and Cynthia Arnold. ECF No. 107.

"Courts maintain the discretion to grant or deny a motion to withdraw as counsel." *Williams v. County of Fresno*, 562 F. Supp. 3d 1032, 1035 (E.D. Cal. 2021) (citing *LaGrand v. Stewart*, 133 F.3d 1253, 1269 (9th Cir. 1998)). In resolving such motions, "courts consider: (1) the reasons why withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of the case." *Leatt Corp. v. Innovative Safety Tech., LLC*, 2010 WL 444708, at *1 (S.D. Cal. Feb. 2, 2010) (citation omitted). The Nevada Rules of Professional Conduct implicitly recognize nonpayment as a valid reason for counsel's withdrawal. Nev. R. Pro. Conduct 1.16(b)(6) (Counsel may withdraw if "[t]he representation will result in an unreasonable financial burden on the lawyer or has been rendered unreasonably difficult by the client[.]").

Plaintiffs' counsel, Mark Albright, signed an affidavit swearing that "Square One has not paid the ASWA's invoices since April of 2022" and that "ASWA remained involved in the case for almost a year following nonpayment[.]" ECF No. 97 at 15–16. He further affirms that continued representation of the remaining plaintiffs would amount to a financial hardship on the firm. *Id.* at 16. And he attests that ASWA's withdrawal will not have a material adverse effect on the interests of the client because the case is still in its early stages. *Id.* The defendants do not oppose ASWA's motion. ECF No. 99. Good cause exists for ASWA to withdraw from this case, so I grant its request. If desired, the remaining plaintiffs should obtain new counsel as soon as practicable.

**Conclusion**

IT IS HEREBY ORDERED that ASWA's motion to withdraw as counsel **[ECF No. 97] is GRANTED**. The Clerk of Court is directed to TERMINATE as counsel for all remaining plaintiffs these three attorneys: G. Mark Albright, Daniel Reed Ormsby, and Kyle Fenton.

IT IS FURTHER ORDERED that the parties' stipulation that ASWA has complied with my prior order **[ECF No. 106] is GRANTED**.

IT IS FURTHER ORDERED that plaintiffs' counsel, Jorge L. Alvarez, must either file a joint stipulation to withdraw as counsel or show cause why he does not seek to withdraw by August 18, 2023.[2]

The remaining eight plaintiffs, their new counsel (if applicable), and all defendants are ordered to attend a status hearing on **September 13, 2023, at 11:00 a.m.** in Courtroom 6B of the Lloyd D. George Federal Courthouse in Las Vegas, Nevada.

DATED: August 10, 2023

_____
Cristina D. Silva
United States District Judge

---

[2] He filed a motion to withdraw in March of this year. ECF No. 87. I denied it without prejudice because of the parties' potential settlement agreement. ECF No. 95. If Alvarez seeks to withdraw, he must file a joint stipulation—signed by himself and defense counsel—so that such request may be processed expediently and the plaintiffs can find new counsel, if necessary.