UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| Honesto De La Cruz, et al.,<br><br>Plaintiffs<br><br>v.<br><br>ASNY NY, LLC, et al.<br><br>Defendants | Case No. 2:21-cv-01680-CDS-DJA<br><br>**Order Granting Defendants' Motion to Dismiss, Denying as Moot Defendants' Motion for a More Definite Statement, and Closing Case**<br><br>[ECF Nos. 109, 110] |

This is a contractual dispute where plaintiffs purchased timeshare memberships that allegedly turned out much differently than the various defendants had promised. In July 2023, after settlement negotiations fell through, counsel representing 20 of the plaintiffs filed (1) a motion to withdraw from the case based on non-payment and (2) a motion to voluntarily dismiss their claims, amend the pleadings, and delist themselves from this case.[1] ECF No. 96. After receiving notice that these plaintiffs' former counsel complied with a number of requirements that I had set before I would grant the motion to withdraw, including providing to defendants contact information for the remaining plaintiffs, I granted former plaintiffs' counsel motion to withdraw on August 10, 2023. ECF No. 108. As part of granting that motion, I ordered the remaining plaintiffs, their new counsel (if any), and all defendants to attend a status conference on September 13, 2023. *Id.* at 3.

Defendants' counsel attended the September 13 status conference, but no remaining plaintiff (or their counsel) attended. *Id.* Out of an abundance of caution, I set yet a second status conference on October 12, 2023, to ensure that the remaining plaintiffs received notice of the

---

[1] The moving plaintiffs were Walter Duffy, Ana Duffy, Sally Duron, Victor McGee, Angela McGee, Marigold Flowers, Gerardo Rodriguez, Yessenia Rodriguez, Calvin Morrison, Sandra Morrison, Barbara Johnson, Henry Maxwell, Carol Maxwell, John Caputo, Sandra Gerstner, Dee Terrell, Mae Terrell, Roger Workman, Brenda Workman, James Grasse, Rebecca Grasse, Paul Silverman, and Judith Silverman. ECF No. 96 at 2. In July/August 2023, pursuant to a stipulation, I dismissed four additional plaintiffs—Julie Hape, Robbie Franklin, Terrance Emter, and Mary Emter—with prejudice. ECF Nos. 103, 105.

hearing. *Id.* Yet again, defendants' counsel appeared but no plaintiff (or their counsel) attended, and no request to extend or move the hearing was received by the court. Minutes, ECF No. 116.

After I granted the motion to withdraw (ECF No. 108), counsel for defendants filed a motion to dismiss and a motion for a more definite statement. ECF Nos. 109; 110. To date, no opposition has been filed to either motion. Accordingly, for the reasons set forth herein, I grant defendants' motion to dismiss and deny their motion for a more definite statement as moot. I also kindly request that the Clerk of Court close this case.

I.      Legal Standard

Unlike a motion for summary judgment, a district court is not required to examine the merits of an unopposed motion to dismiss before granting it. *See Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) (the Ninth Circuit refused to extend to motions to dismiss the requirement that a district court examine the merits of an unopposed motion for summary judgment before summarily granting it pursuant to a local rule). Thus, a district court may properly grant an unopposed motion to dismiss under a local rule. *Id.* at 53. Local Rule 7-2(d) provides that the failure of an opposing party to file points and authorities constitutes that party's consent to the granting of the motion. LR 7-2(d).

Before granting an unopposed motion to dismiss, the court must weigh the following factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Ghazali*, 46 F.3d at 53 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)). The Ninth Circuit has recognized that the first and fourth factors cut in opposite directions. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) (first factor always weighs in favor of dismissal); *Hernandez v. City of El Monte*, 138 F.3d 393, 401 (9th Cir. 1998) (fourth factor counsels against dismissal).

## II. Discussion

The first two factors—the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket—weigh in favor of dismissing plaintiffs' claims. Even now, plaintiffs have failed to file a response to the motion to dismiss even though two months have passed since the deadline (*see* ECF No. 109 (setting response deadline as August 28, 2023)), and plaintiffs failed to appear for two status conferences to address their case. *See Yourish*, 191 F.3d at 990 ("[D]ismissal . . . serves the public interest in expeditious resolution of litigation as well as the court's need to manage its docket because Plaintiffs' noncompliance has caused the action to come to a complete halt, thereby allowing Plaintiffs to control the pace of the docket rather than the court.") (quoting *Ash v. Cvetkov*, 739 F.2d 493, 496 (9th Cir. 1984)). Here, plaintiffs' failure to prosecute their case prevents the expeditious resolution of this litigation and interferes with the court's ability to manage its docket. *See Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants.").

The third factor also weighs in favor of dismissing plaintiffs' claims. There is no apparent risk of prejudice to defendants by dismissing the action at this time; indeed, defendants filed the instant motion to dismiss.

The fourth factor weighs against dismissing plaintiffs' claims. That is because, as noted *supra*, public policy favors disposing of cases on their merits. This factor is not weighty here, however, as the remaining plaintiffs did not file an opposition to the motion to dismiss, making resolution on the merits difficult, if not impossible. *Cf. Johnson v. Top Inv. Prop. LLC*, 2018 U.S. Dist. LEXIS 140051, at *17–18 (E.D. Cal. Aug. 17, 2018) ("Although public policy generally favors the resolution of a case on its merits, as here, a defendant's failure to appear and defend against a plaintiff's claims makes a decision on the merits impossible.") (citation omitted).

Last, with respect to whether less drastic measures have been considered, the court has determined that dismissal without prejudice is proper here so that plaintiffs can potentially pursue their claims in the future. Accordingly, the fifth factor weighs in favor of dismissal.

Thus, after careful consideration of all the relevant factors, I grant defendants' unopposed motion to dismiss (ECF No. 109) without prejudice. Because I am dismissing this action, I deny defendants' motion for a more definite statement (ECF No. 110) as moot.

### III.     Conclusion

IT IS HEREBY ORDERED that defendants' motion to dismiss **[ECF No. 109] is GRANTED**.

IT IS FURTHER ORDERED that defendants' motion to for a more definite statement **[ECF No. 110] is DENIED as moot.**

IT IS FURTHER ORDERED that this case is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is kindly directed to enter judgement accordingly and close this case.

DATED: November 6, 2023

_____
Cristina D. Silva
United States District Judge